FILED
U.S. DISTRICT COURT
EASTERN ~~~ TEXAS

SEP 23 2005

DAVID J. MALAND, CLERK
BY DEPUTY _____

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>               Plaintiff,<br><br>v.<br><br>VALOR COMMUNICATIONS GROUP<br>d/b/a VALOR TELECOMMUNICATIONS<br><br>               Defendant. | CIVIL ACTION NO.<br><br>505CV 180<br><br>COMPLAINT<br><br><br>(JURY DEMANDED) |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 to correct unlawful employment practices and to make whole Charging Party Brinder Bursey. The Commission alleges that the Defendant, Valor Communications Group d/b/a Valor Telecommunications (hereafter "Valor"), discriminated against Brinder Bursey because of her race (African American) and sex (female) by denying her a promotion.

## JURISDICTION AND VENUE

1.     Jurisdiction of this Court is invoked pursuant to 28 U.S.C. Sections 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, ("Title VII"), 42 U.S.C. Sections 2000e-5(f)(1) and (3), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. 1981a.

2.     The employment practices alleged to be unlawful were committed within the

COMPLAINT                                                                                      1

jurisdiction of the United States District Court for the Eastern District of Texas, Texarkana Division.

## PARTIES

3.  Plaintiff, Equal Employment Opportunity Commission (the "Commission"), is an agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Section 706(a) of Title VII, 42 U.S.C. Section 2000e-5(a).

4.  At all relevant times, Defendant, Valor, has continuously been and is now doing business in the State of Texas, and has continuously had at least fifteen employees.

5.  At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. Sections 2000e-(b), (g) and (h).

## STATEMENT OF CLAIMS

6.  More than thirty days prior to the institution of this lawsuit, Ms. Bursey filed a charge with the Commission alleging violations of Title VII by the Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7.  Defendant discriminated against Mr. Bursey by failing or refusing to promote her to a supervisor/manager position for which she was qualified because of her race (African American) and her sex (female) in violation of Section 703(a)(1) of Title VII, 42 U.S.C. Section 2000e-2.

8.  The effect of the practices complained of above has been to deprive Ms. Bursey of equal employment opportunities and otherwise adversely affect her status as an employee.

9.  The unlawful employment practices complained of in paragraph 7, above, were intentional.

10. The unlawful employment practices complained of in paragraph 7, above, were done with malice or reckless indifference to the federally protected rights of Ms. Bursey.

### **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining the Defendant, Valor, its officers, successors, assigns, and all persons in active concert or participation with it, and from engaging in any employment practice which discriminates in violation of Title VII.

B. Order the Defendant Valor to institute and carry out policies, practices, and programs which provide equal employment opportunities for Ms. Bursey and which eradicate the effects of its past and present unlawful employment practices.

C. Order the Defendant to make whole Ms. Bursey by providing appropriate back pay with prejudgment interest in amounts to be proved at trial, front pay, and other affirmative relief necessary to eradicate the effects of unlawful employment practices, including but not limited to rightful place promotion of Ms. Bursey.

D. Order the Defendant to make whole Ms. Bursey by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of in paragraph 7, above, including but not limited to, emotional pain, suffering, inconvenience, loss of enjoyment of life and humiliation, in amounts to be determined at trial.

E. Order the Defendant to make whole Ms. Bursey by providing compensation for past and future pecuniary losses resulting from the unlawful practices complained of in paragraph 7, above, in amounts to be determined at trial.

F. Order the Defendant to pay punitive damages for its malicious or reckless conduct

described in paragraph 7, above, in amounts to be determined at trial.

    G.    Grant such further relief as the Court deems necessary and proper.

    H.    Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by the complaint.

Respectfully submitted,

GWENDOLYN Y. REAMS
Deputy General Counsel

ROBERT A. CANINO
Regional Attorney
Oklahoma State Bar No. 011782

SUZANNE M. ANDERSON
Supervisory Trial Attorney
Texas Bar No. 14009470

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Dallas District Office
207 South Houston, 3rd Floor
Dallas, Texas  75202
(214) 253-2740
(214) 253-2749 (FAX)